**Robert E. NESMITH, Plaintiff-Appellant,**

v.

**Alan TAYLOR, Defendant-Appellee.**

No. 82–2098.

United States Court of Appeals, Fifth Circuit.

Sept. 19, 1983.

Jeffrey A. Lehmann, Houston, Tex., for plaintiff-appellant.

Robert E. Bunce, Galveston, Tex., for defendant-appellee.

Before GOLDBERG, GEE and RANDALL, Circuit Judges.

PER CURIAM:

This appeal from summary judgment in favor of the defendant in a section 1983 action presents several difficult issues and, due to the factual peculiarities of the case, one easy issue. We believe that the easy issue is dispositive of the case and, thus, that it is best to postpone the more difficult issues for another day.

## I. BACKGROUND

### A. Facts

Nesmith owns a piece of land at 105 Gulf Freeway, La Marque, Texas. During the 1970's, Nesmith operated the land as a trailer park after improving it with concrete driveways, walkways, some buildings, and a swimming pool. Operation as a trailer park became uneconomical, so Nesmith demolished much of the improvements and filled the swimming pool with some of the rubble.

On August 14, 1979, defendant Taylor, the La Marque building inspector, swore a complaint against Nesmith alleging two criminal violations: failure to complete demolition work in violation of section 103.4 of the Southern Standard Building Code and removal of a fence around a swimming pool in violation of La Marque Ordinance # 376. The La Marque Corporation Court Clerk sent Nesmith a summons to appear, which stated that "[f]ailure to appear will result in issuance of a warrant for your arrest which will result in additional expense for you." Record at 26. On August 25, 1979, a bench trial was held in the La Marque Corporation Court. Nesmith was found guilty on the demolition charge and not guilty on the swimming pool charge.

### B. Proceedings Below

On September 28, 1979, Nesmith filed suit in federal district court against Taylor, con-

tending that Taylor maliciously and without probable cause had sworn the complaint against Nesmith on the swimming pool charge. Nesmith contended that this supported a cause of action under 42 U.S.C. § 1983 (1976) and directly under the constitution; Nesmith also included pendent state claims. The district court granted Taylor's motion for summary judgment on two alternate grounds. First, the court held that, assuming the summons caused a deprivation of liberty, the corporation court trial provided an adequate post-deprivation hearing; thus Nesmith suffered no deprivation of liberty without due process. Second, the court held that the summons, backed by threat of arrest, did not constitute a seizure within the meaning of the fourth amendment. Having dismissed the federal cause of action, the court also dismissed the pendent state claims. This appeal follows.

## II. FINDING THE FEDERAL RIGHT

This case is basically a suit for false arrest and malicious prosecution. These two causes of action are, of course, state tort claims. It is fundamental to our federal jurisprudence that state tort claims are not actionable under federal law; a plaintiff under section 1983 must show deprivation of a federal right. *See, e.g., Baker v. McCollan,* 443 U.S. 137, 149, 99 S.Ct. 2689, 2697, 61 L.Ed.2d 433 (1979). Nesmith offers two candidates for a federal right. First, he claims the malicious issuance of the summons without probable cause constitutes a deprivation of liberty without due process under the fourteenth amendment. Second, he claims those same facts also constitute an unreasonable seizure under the fourth and fourteenth amendments.

It is also fundamental to our jurisprudence that each alleged constitutional deprivation be considered on its own facts. This case presents a factual circumstance that is, to our knowledge, unique. One ground supporting the summons issued Nesmith, that concerning the demolition work, proved to be valid.[1] Thus, Nesmith legiti-

---

1. Nesmith raises no claim concerning the    charge for which he was found guilty, nor

mately and properly was under some compulsion to appear before the corporation court to defend the valid charge.

Given the fact that Nesmith was under a legitimate compulsion to appear before the corporation court, we find no deprivation of a constitutional right in an additional compulsion to make the same appearance. Nesmith's fourteenth amendment claim asserts a deprivation of liberty, but, put simply, no deprivation resulted from the presumedly groundless charge. Nesmith's fourth amendment claim asserts an unreasonable seizure. A fourth amendment seizure is also predicated on a diminution of liberty. *See, e.g., United States v. Brignoni-Ponce,* 422 U.S. 873, 878, 95 S.Ct. 2574, 2578, 45 L.Ed.2d 607 (1975). *Terry v. Ohio,* 392 U.S. 1, 16, 88 S.Ct. 1868, 1977, 20 L.Ed.2d 889 (1968). Again, given the compulsion of the valid charge, the invalid charge just did not reduce Nesmith's liberty. An additional lock on the door of a jail cell does not further diminish the liberty of the occupants, nor does an additional reason to appear before the La Marque Corporation Court diminish the liberty of someone already under a duty to make such an appearance.

## III. CAVEATS

The peculiar facts of this case allow a narrow disposition, which we prefer, but they would also allow discussion of more significant issues. Accordingly, we think it prudent to explicitly disclaim any opinion on some of the other issues left latent in this case. First, we are not suggesting that under all circumstances, the presence of a valid compulsion means that invalid compulsions do not deprive the plaintiff of a federal right; we are merely saying that under these facts Nesmith cannot show an unreasonable seizure or a deprivation of a liberty interest. Second, for purposes of this case we need not decide whether a summons backed by threat of arrest could ever constitute a deprivation of liberty or a seizure. Third, we are not saying that Nes-

mith suffered only a minimal violation of his rights that the federal courts will not recognize; indeed, the point we are making is that Nesmith suffered *no* deprivation of rights.

## CONCLUSION

As the court said in *Henry v. City of Minneapolis,* 512 F.Supp. 293, 297 (D.Minn. 1981) (footnotes omitted, emphasis added):

The instant case is not one that cries out for federal redress of plaintiffs injuries. *Plaintiff suffered no actual loss of liberty in connection with the proceedings instituted against him.* At worst, he suffered an irritating and vexatious experience at the hands of the city building inspectors. Plaintiff has an effective state remedy sounding in tort. Moreover, he is seeking redress for individual injury rather than an injury suffered by a class of persons, or for recurring actions by government officials. All of these factors render this action inappropriate for an exercise of jurisdiction under the Civil Rights Act.

Accordingly, we affirm the judgment of the district court.

AFFIRMED.

could he do so. *Shank v. Spruill,* 406 F.2d 756 (5th Cir.1969); *Jones v. Bales,* 58 F.R.D. 453,

460 (N.D.Ga.1972), *aff'd* 480 F.2d 805 (5th Cir. 1973).