**Billie SIMONS, Plaintiff-Appellant,**

v.

**George CLEMONS, et al., Defendants,**

**Henry Morris and City of New Orleans, Defendants-Appellees.**

No. 83–3716.

United States Court of Appeals, Fifth Circuit.

Feb. 11, 1985.

---

**1.** 1 Cranch 137, 2 L.Ed. 60 (1803).

Paul J. Galuszka, New Orleans, La., for Simons.

McGlinchey, Stafford & Mintz, Thomas P. Anzelmo, New Orleans, La., for Superintendent Henry Morris and City of New Orleans.

Before GEE, REAVLEY and DAVIS, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

The district court granted defendants' motions for summary judgment and dismissed plaintiff's section 1983 claim. We affirm.

I.

The facts which give rise to this suit began on June 9, 1981, when Billie Simons was arrested in Kenner, Louisiana, under the authority of two outstanding arrest warrants. The first warrant was issued by Kenner on an underlying charge that plaintiff failed to pay a traffic ticket. The second warrant was issued by New Orleans on a criminal trespass and criminal damage complaint. The New Orleans warrant was valid on its face, although the underlying charges had allegedly prescribed.

Ms. Simons was detained for twelve to fourteen hours in the Kenner lockup and then transferred to central lockup in New Orleans, where she remained for approxi-

mately two hours. At the time of her arrest, Ms. Simons had in her possession pain medication prescribed by her physician. She had allegedly taken this medication daily for ten years as a result of injuries suffered in an automobile accident. Despite requests for this medication, she was denied access to it.

Plaintiff sought to impose liability on Henry Morris, the Superintendent of Police, and the City of New Orleans under 42 U.S.C. § 1983 on two grounds: 1) violation of her fourth and fourteenth amendment rights resulting from an illegal arrest and 2) violations of the eighth amendment resulting from deprivation of her medication. In reviewing the propriety of summary judgment on these claims, we apply the familiar rule that the record must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." F.R.C.P. 56(c).

## II.

Appellant contends first that her constitutional rights were violated because of an illegal arrest. She also alleges a practice, policy and custom of the City of New Orleans and its superintendent of police in failing to purge the computer of attachments and warrants in which the underlying charges are invalid.

Under the teaching of *Baker v. McCollan,* 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979), the district court properly dismissed plaintiff's section 1983 claim bottomed on her assertion of an illegal arrest. In *Baker,* Leonard McCollan was arrested pursuant to a facially valid warrant. McCollan, however, was erroneously identified as the person charged with a crime. The Court held that the arrest under the facially valid warrant satisfied rights guaranteed to McCollan under the fourth and fourteenth amendments of the Constitution: "Whatever claims this situation might give rise to under state tort law, we think it gives rise to no claim under the United States Constitution. Respondent was indeed deprived of his liberty for a period of

days, but it was pursuant to a warrant conforming, for purposes of our decision, to the requirements of the Fourth Amendment." 443 U.S. at 144, 99 S.Ct. at 2694, 61 L.Ed.2d at 441. The Court thus found that McCollan had been deprived of no right "secured by the constitution and laws," and thus no claim was stated under 42 U.S.C. § 1983.

■ Applying the *Baker* rule to this case, plaintiff was arrested on a facially valid warrant and she has therefore alleged no deprivation of a right secured by the Constitution and laws of the United States. Plaintiff may have a cause of action under Louisiana law against the city or an official of the city for improperly failing to purge the computer of warrants premised on prescribed or otherwise invalid charges. Since she has failed, however, to allege a constitutional deprivation, her action under 42 U.S.C. § 1983 for alleged violation of her fourth amendment rights must fail.

## III.

Appellant also contends that the City of New Orleans and its superintendent of police violated her constitutional rights in depriving her of her pain medication during the two hours she was incarcerated in the New Orleans central lockup and subjecting her to an undefined degree of "pain" during that time. Simons' complaint makes the general allegations that she was subjected to "cruel and unusual punishment" and "reckless deprivation of her rights and privileges as secured by the Constitution of the United States." Under *Bell v. Wolfish,* 441 U.S. 520, 535, 99 S.Ct. 1861, 1872, 60 L.Ed.2d 447, 466 (1979), the rights of pretrial detainees in state penal institutions are determined by the due process clause of the fourteenth amendment rather than by the eighth amendment. Specifically, pretrial detainees may not be subjected to treatment amounting to punishment, since they have not been adjudged guilty of any crime.

Our task, in light of *Bell v. Wolfish,* is to determine whether the district court properly dismissed, on motion for summary

judgment, plaintiff's cause of action premised upon the fourteenth amendment right to be free from treatment amounting to punishment while a pretrial detainee.

 The defendants in this case argue in essence that the interest of which Simons was deprived was so insubstantial that it is not constitutionally cognizable.[1] We subscribe to the view that "[t]here is, of course, a de minimis level of imposition with which the Constitution is not concerned."[2] Pretermitting whether plaintiff alleged a deprivation of a liberty interest, we conclude the pleadings do not present a viable claim of punishment. To determine whether a particular imposition or restriction on pretrial detainees amounts to punishment, we inquire "whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate government purpose." *Bell v. Wolfish*, 441 U.S. at 538, 99 S.Ct. at 1873, 60 L.Ed.2d at 468. Unless there is an express intent to punish, an imposition is permissible if "an alternative purpose to which [the imposition] may rationally be connected is assignable for it" unless "it appears excessive in relation to the alternative purpose assigned ...." Id. *Bell v. Wolfish* also dictates that we give considerable deference to the decisions of prison officials on matters of prison administration. Id. at 540, 99 S.Ct. at 1874, 60 L.Ed.2d at 469. Simons makes no allegation of express intent to punish, nor can we infer such an intent from the pleadings. As a matter of common sense, the need to prevent drugs, not yet identified as medically necessary, from reaching incarcerated individuals is an alternative purpose to which the imposition on Simons "may rationally be connected." Likewise, the pleadings do not permit us to infer that a two-hour deprivation is "excessive in relation to the alternative purpose assigned." Simons' allegation of "pain," which, as we have noted, derives no substance from the rest of the record, does not, even for purposes of summary judgment, state a claim which could pass this test. In light of this, Simons' claim relating to "punishment" was properly dismissed.

AFFIRMED.

---

1. The defendants rely primarily on cases involving the eighth amendment right to medical care. That provision protects convicted persons against "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). Under *Bell v. Wolfish*, the standard of these cases is not directly applicable to the rights of pretrial detainees. In *Jones v. Diamond*, 636 F.2d 1364, 1378 (5th Cir.1981) (en banc), we held that "the *Bell v. Wolfish* criterion, applied to medical attention, entitles pretrial detainees to reasonable medical care unless the failure to supply it is reasonably related to a legitimate government objective." Although the Supreme Court has not specifically delineated the scope of the due process duty to provide medical care to pretrial detainees, that obligation is at least as great as the duty owed a convicted prisoner under the eighth amendment. *Revere v. Massachusetts General Hospital*, 463 U.S. 239, ——, 103 S.Ct. 2979, 2983, 77 L.Ed.2d 605, 611 (1983).

2. *Ingraham v. Wright*, 430 U.S. 651, 674, 97 S.Ct. 1401, 1414, 51 L.Ed.2d 711, 732 (1977). See also *Nesmith v. Taylor*, 715 F.2d 194, 196 (5th Cir. 1983); *Shillingford v. Holmes*, 634 F.2d 263, 265 (5th Cir.1981).