Gerardo Jesus HERRERA,
Plaintiff–Appellant,

v.

Sam D. MILLSAP, Jr., et al.,
Defendants,

Dennis H. Carlson, et al.,
Defendants–Appellees.

Gerardo Jesus HERRERA,
Plaintiff–Appellant,

v.

Dennis H. CARLSON, et al.,
Defendants–Appellees.

No. 88–5533
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 9, 1989.

**1158**

Donald H. Fidler, Jr., San Antonio, Tex., plaintiff-appellant.

Ricardo J. Navarro, Asst. Dist. Atty., San Antonio, Tex., for Tennison, Tassos, Glenn.

Sam C. Bashara, H. Pamela Schoch, San Antonio, Tex., for Carlson, West.

Before POLITZ, KING and SMITH, Circuit Judges.

PER CURIAM:

Gerardo Jesus Herrera ("Gerardo Herrera") brought a § 1983 claim against two San Antonio police officers and three employees of the Bexar County District Attorney's Office. Gerardo Herrera alleged that his due process rights were violated when he was arrested and incarcerated for several days for a crime that he did not commit. After discovery, the district court granted the defendants' motion for summary judgment. The district court reasoned: (1) that Gerardo Herrera failed to show that he suffered a constitutional injury because his arrest was based on a valid indictment and arrest warrant and (2) that, at most, the

summary judgment evidence showed negligence and that negligence does not give rise to a constitutional violation of due process. We affirm.

I.

The facts relevant to this appeal are stated "in the most favorable way" to Gerardo Herrera, *Lopez v. Houston Indep. School Dist.*, 817 F.2d 351, 352 (5th Cir.1987), and are as follows. A theft occurred at the Palacio Del Rio Hotel ("the hotel") in San Antonio, Texas on February 26, 1983. Dennis Carlson ("Carlson"), a San Antonio police officer, stated in his deposition that he investigated the theft and obtained from the hotel the name of Gerald Herrera as the perpetrator. Carlson also stated that the hotel gave him Gerald Herrera's address and date of birth. After dealing with a few other matters in the investigation, Carlson went on vacation, so he handed the case over to his partner, Robert Lee West ("West"). West testified in his deposition that the name of the suspected defendant on the charging disposition, which West turned over to the Bexar County District Attorney's Office ("the district attorney's office"), was Gerardo Herrera, not Gerald Herrera. West also stated that he did not know how the name Gerald Herrera became Gerardo Herrera and that he did not remember running a computer check on Gerald Herrera. The parties, however, stipulated in their agreed pretrial order that Gerardo Herrera's name, address, height, and weight were obtained from police department's computer records.

After West gave the information[1] regarding the theft to the district attorney's office, Charles Tennison ("Tennison"), William Tassos ("Tassos"), and Ernie Glenn ("Glenn") were responsible for investigating the case prior to its submission to the Grand Jury. The case with Gerardo Herrera's name, instead of Gerald Herrera's name, was submitted to the Grand Jury, and the Grand Jury indicted Gerardo Herrera. Based on this indictment, an arrest

1. The parties stipulated in their agreed pretrial order that the information given to the district attorney's office contained Gerald Herrera's name and address and Gerardo Herrera's name, address, height, and weight.

warrant was issued, and upon being stopped for a traffic violation on or around July 16, 1984, Gerardo Herrera was arrested for the theft and was incarcerated from July 16, 1984 to July 18, 1984, when he was released on bond. After the realization of the mistake, the case against Gerardo Herrera was dismissed.

On June 14, 1985, Gerardo Herrera filed suit against the Bexar County, Texas district attorney, sheriff, and jail administrator in addition to Bexar County, San Antonio, and San Antonio's police chief. By stipulation, the district court dismissed the sheriff, jail administrator, and police chief. Based on the same incident, Gerardo Herrera filed suit against Carlson, West, Tennison, Tassos, and Glenn[2] on July 16, 1986. The district court consolidated the two cases on December 17, 1987, and the defendants moved for dismissal or summary judgment.[3] On January 21, 1988, the district court informed Gerardo Herrera that it was treating the motion as a summary judgment motion and told Gerardo Herrera that any opposition to the summary judgment motion had to be submitted by February 5, 1988. Gerardo Herrera submitted no response, and on February 12, 1988, the district court granted the summary judgment motion and dismissed the case against all the defendants with prejudice. Gerardo Herrera filed timely notice of appeal, appealing only the summary judgment granted in favor of Carlson, West, Tennison, Tassos, and Glenn.[4]

## II.

On appeal, we evaluate a district court's decision to grant summary judgment by reviewing the record under the same standards used by the district court. *Brooks, Tarlton, Gilbert, Douglas & Kressler v. United States Fire Ins. Co.*, 832 F.2d 1358, 1364 (5th Cir.1987); *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir.1986). Therefore, we cannot affirm a summary judgment ruling unless "we are convinced, after an independent review of the record, that 'there is no genuine issue as to any material fact' and that the movant is 'entitled to a judgment as a matter of law.'" *Brooks*, 832 F.2d at 1364 (quoting Fed.R.Civ.P. 56(c)). Following this standard, we must consider fact questions with deference to the nonmovant. Consequently, when a fact question controls the disposition of a summary judgment motion, we must "review the facts drawing all inferences most favorable to the party opposing the motion." *Reid*, 784 F.2d at 578. Further, we will decide questions of law just as we decide questions of law outside the summary judgment context—by *de novo* review. *Brooks*, 832 F.2d at 1364.

In *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), the Supreme Court stated:

[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with re-

---

**2.** Carlson, West, Tennison, Tassos, Glenn, the Bexar County district attorney, Bexar County, and San Antonio are collectively called the defendants.

**3.** The Bexar County district attorney and Bexar County filed their motion to dismiss or in the alternative for summary judgment on April 14, 1986. San Antonio filed its motion for summary judgment on December 9, 1986. Bexar Coun-

ty, San Antonio, Carlson, West, Tennison, Tassos, and Glenn jointly filed a motion to dismiss or for summary judgment on December 31, 1987. The December 31, 1987, motion incorporated the factual and legal arguments in the previously filed dispositive motions.

**4.** Carlson, West, Tennison, Tassos, and Glenn are collectively called the appellees.

spect to which she has the burden of proof.

*Id.* at 322, 106 S.Ct. at 2552. Thus, Gerardo Herrera must make a sufficient showing on the essential elements of his case, with respect to which he bears the burden of proof, to avoid summary judgment in the movants' favor.

██ "The first inquiry in any § 1983 suit ... is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws.'" *Baker v. McCollan,* 443 U.S. 137, 140, 99 S.Ct. 2689, 2692, 61 L.Ed. 2d 433 (1979). In *Baker,* the Court held that the arrest of a person pursuant to a facially valid warrant and his detention for three days over a New Year's weekend did not constitute a deprivation of the person's constitutional rights even though the person so arrested and detained was not the individual actually wanted for the narcotics charges. *Id.* Gerardo Herrera argues, however, that *Baker* is not dispositive of his case because *Baker* focused on the actions of the defendants *after* the arrest at issue in that case. In this case, Gerardo Herrera states, the cause of action is based on the actions of the appellees *before* the arrest. However, this attempt at distinguishing *Baker* focuses us on the major problem in Gerardo Herrera's case—whether the appellees' actions constituted more than negligence. In *Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986), the Supreme Court addressed the issue which it had avoided in *Baker* and held that "the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty or property." *Id.* at 328, 106 S.Ct. at 664 (emphasis in original); *accord Davidson v. Cannon,* 474 U.S. 344, 347–48, 106 S.Ct. 668, 670, 88 L.Ed.2d 677 (1986).

In this case, the summary judgment evidence,[5] at most, shows negligence. *See Simmons v. McElveen,* 846 F.2d 337 (5th Cir.1988) (summary judgment on § 1983 claim granted in favor of defendants for plaintiff's failure to show more than negligence when plaintiff was incarcerated for eight months and defendants failed to turn over information to the district attorney's office that plaintiff's fingerprints did not match a cigarette package dropped by the assailant at the scene of the crime, failed to compare the true assailant's fingerprints with those on the cigarette package, and failed to conduct a physical line-up involving the true assailant). Therefore, we agree with the district court that since Gerardo Herrera has failed to come forward with any summary judgment evidence showing more than negligence—an element essential to his case and one on which he would carry the burden of proof at trial—summary judgment is appropriate for the defendants.

Gerardo Herrera, however, argues that summary judgment is inappropriate in a case which involves the subjective intent of the appellees. We reject such an argument. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256–57, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986); *Simmons,* 846 F.2d 337.

Finally, we decline to address the issues of qualified and absolute immunity because we find other adequate grounds on which to affirm the district court.

### III.

For the foregoing reasons, the district court correctly decided that the motion for summary judgment should be granted. We AFFIRM.

---

**5.** The summary judgment evidence consists of Carlson's deposition, West's deposition, and the indictment. Significantly missing is any summary judgment evidence involving the actions of Tennison, Tassos, and Glenn, the investigators in the Bexar County District Attorney's Office to whom both the names of Gerardo Herrera and Gerald Herrera were given and who prepared the case for presentation to the Grand Jury.