United States Court of Appeals,

Fifth Circuit.

No. 93-3539.

GULF ISLAND-IV, INC. and Gulf Island IV a/k/a La Prt, Plaintiffs-Appellants,

v.

BLUE STREAK-GULF IS OPS a/k/a Blue Streak Inc., et al. and Lloyds Underwriters of London, Underwriters at Lloyds, London subscribing to policy No. MC9792SAH, Defendants-Appellees.

July 5, 1994.

Appeals from the United States District Court for the Eastern District of Louisiana.

Before REAVLEY, JONES and BENAVIDES, Circuit Judges.

BENAVIDES, Circuit Judge:

The appellants, "Gulf Island," appeal from the district court's entry of summary judgment based upon res judicata. The appeal involves an attack on the district court's application of the doctrine of res judicata. We reverse.

## I. FACTS AND PROCEDURAL HISTORY

In June 1985, the vessel L/B GULF ISLAND IV capsized in the Gulf of Mexico and suffered severe damage. In October 1985, after the vessel had been repaired, Hurricane Juan overturned it, and the vessel suffered additional damage. According to the parties on appeal, a partnership known as Blue Streak Gulf Island Operations (BS-GIO) was operating the vessel when it collapsed.[1] The entity

_____

[1]The court below found that the vessel was operated by and under the exclusive control of: Blue Streak Marine, Inc.; Blue Streak Offshore, Inc.; Blue Streak-Gulf Island Marine Operations, a partnership also known as Blue Streak/Gulf Island Marine Operations, Inc.; and Blue Streak Operations, Inc. April

1

of BS-GIO has dissolved.

The two appellants, Gulf Island IV, a Louisiana partnership and owner of the vessel, and Gulf Island IV, Inc., the managing partner of Gulf Island IV, are referred to as "Gulf Island."[2] The three appellees collectively referred to as "Blue Streak" are Blue Streak Operations, Inc., Blue Streak Marine, Inc. and Blue Streak Offshore, Inc. Underwriters at Lloyd's, London (Underwriters) had underwritten an umbrella liability insurance policy for Blue Streak and is now the fourth appellee.

In December of 1985, Gulf Island IV filed the first lawsuit, alleging diversity and admiralty and maritime jurisdiction, against their own insurance carriers, Wausau and American Marine Underwriters, Inc. (AMU), seeking damages due to the failure to pay benefits under the hull policy for physical damage to the vessel as a result of both of the above-described 1985 casualties and for downtime of the vessel occurring after the damage wrought by Hurricane Juan. The vessel was covered by two insurance policies, a hull and machinery policy and a protection and indemnity policy, which were issued by Wausau. Both policies listed the named assured as: Gulf Island Marine; Blue Streak Gulf Island Marine Operations, Inc. (Operator); and Oceanic Fleet, Inc. Ultimately, the parties advised the court that the action had been settled, and, as a result, the court, on September 29, 1986, issued a

_____

30, 1993 Order at 1.

[2]Gulf Island Marine, Inc., a general partner of Gulf Island IV, is not a party to the case at bar.

2

sixty-day order of dismissal, expressly allowing the right to reopen the action if the settlement had not been consummated. It is undisputed that Gulf Island never moved to reopen the 1985 suit.

Additionally, while that suit was pending, it was consolidated with several other suits, including a suit brought by Hope Contractors, Inc. In the *Hope* suit, the plaintiff-contractors named, among others, the following defendants, Gulf Island IV, Gulf Island IV, Inc., Gulf Island Marine, Inc., and Blue Streak/Gulf Island, which was identified as a Louisiana partnership. The Hope contractors sought payment on an account for post-casualty salvage and repairs to the vessel. Gulf Island impleaded AMU[3] and Wausau, seeking coverage under the hull and machinery policy for the salvage and repairs performed by the Hope contractors.

In June of 1988, Gulf Island brought the instant admiralty and maritime suit against Blue Streak Marine, Inc., Blue Streak Offshore, Inc., and Employers Insurance of Wausau[4] for negligence, breach of warranty of workmanlike performance in regard to both of the 1985 casualties, and for losses due to downtime of the vessel. Blue Streak then filed a third-party complaint naming Underwriters and seeking coverage under its umbrella policy. Blue Streak also filed a cross-claim against Wausau seeking coverage under its own protection and indemnity insurance policy, alleging that the policy

---

[3]AMU is not a party to the case at bar.

[4]The court below granted Wausau's motion for summary judgment on the ground that the Protection and Indemnity policy did not provide coverage for damage to Gulf Island IV because it is a scheduled vessel. Wausau is not a party to this appeal.

3

required Wausau to protect and indemnify Blue Streak from the claims asserted by Gulf Island. Gulf Island later supplemented its complaint to name Underwriters as a defendant seeking the benefits of coverage under Blue Streak's umbrella policy.

Blue Streak and Underwriters both filed motions for summary judgment, arguing that res judicata applied as a bar to the proceedings against them on the basis of the court's September 29, 1986 order of dismissal in the prior suit. The district court agreed and granted summary judgment for Underwriters and Blue Streak. Gulf Island now appeals, arguing that the district court erred in finding that res judicata barred the instant claims against both underwriters and Blue Streak.

## II. STANDARDS OF REVIEW

When a summary judgment is appealed, this Court evaluates a district court's decision to grant summary judgment by reviewing the record under the same standards that the district court applied to determine whether summary judgment was appropriate. *Herrera v. Millsap,* 862 F.2d 1157, 1159 (5th Cir.1989). Therefore, the summary judgment will be affirmed only when this Court is "convinced, after an independent review of the record, that "there is no genuine issue as to any material fact' and that the movant is entitled to judgment as a matter of law." Id. (quoting *Brooks, Tarlton, Gilbert, Douglas & Kressler v. United States Fire Ins. Co.,* 832 F.2d 1358, 1364 (5th Cir.1987) and Fed.R.Civ.P. 56(c)). Fact questions must be considered with deference to the nonmovant. *Herrera v. Millsap,* 862 F.2d at 1159. Questions of law are

4

reviewed *de novo*.  Id.

As previously set forth, the district court found that the claims were barred by res judicata.  Federal law determines the res judicata effect of a prior federal court judgment.  *Russell v. SunAmerica Securities, Inc.,* 962 F.2d 1169, 1172 (5th Cir.1992).  In order for res judicata to apply, the following four requirements must be met.  First, the parties in the instant action must be the same as or in privity with the parties in the prior action in question.  *United States v. Shanbaum,* 10 F.3d 305, 310 (5th Cir.1994).  Second, the court that rendered the prior judgment must have been a court of competent jurisdiction.  *Id.*  Third, the prior action must have terminated with a final judgment on the merits.  *Id.*  Fourth, the same claim or cause of action must be involved in both suits.  *Id.*

### III. BLUE STREAK'S CLAIM OF RES JUDICATA

Regarding the first requirement, Blue Streak argues that it did not have to be a party (or in privity with a party) to the 1985 action.  Instead, Blue Streak argues that only the party against whom the plea of res judicata is asserted (in this case Gulf Island) must be a party to the prior action.  Contrary to Blue Streak's assertion, both parties must be identical to or in privity with the parties in the prior suit for res judicata to apply.

In support of the proposition that it did not have to be a party to or in privity with a party to the prior action, Blue Streak cites *Blonder-Tongue Lab., Inc. v. University of Illinois Foundation,* 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971).

5

Blue Streak's reliance on *Blonder-Tongue* is misplaced. In *Blonder-Tongue,* the Supreme Court "eliminated the requirement of mutuality in applying *collateral estoppel* to bar relitigation of issues decided earlier in federal-court suits." *Allen v. McCurry,* 449 U.S. 90, 94-95, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980) (emphasis added). As this Court has recognized, the doctrine of res judicata, in its broadest sense, encompasses two distinct preclusion concepts, claim preclusion (res judicata) and issue preclusion (collateral estoppel). *United States v. Shanbaum,* 10 F.3d at 310. "Unfortunately, the terminology used in this area of the law often breeds confusion." *Id.* Thus, although the *Blonder-Tongue* opinion recites the term "res judicata," it apparently is using it in its broad sense. As the Supreme Court stated in *Allen v. McCurry, supra,* it was the mutuality requirement in the context of collateral estoppel that was eliminated.

Recently, in *Russell v. SunAmerica Securities, Inc.,* 962 F.2d at 1172-76, this Court addressed the question whether res judicata should have barred the suit against a defendant-appellee that had not been a party to the prior suit. Addressing the identity of parties requirement of res judicata, this Court explained that "[a] non-party defendant can assert res judicata so long as it is in "privity' with the named defendant." *Id.* at 1173. Blue Streak thus cannot dispense with the requirement that "the parties must be identical in the two suits." *Id.* at 1172.

Gulf Island argues that neither Blue Streak nor Underwriters was ever a party to the prior 1985 suit. Gulf Island admits that

6

"Blue Streak/Gulf Island" was named in the *Hope* action that was later consolidated with Gulf Island's 1985 action. However, it is undisputed that Blue Streak/Gulf Island was neither served nor appeared in the 1985 suit. This Court has explained "that "parties' for purposes of res judicata does not mean formal, paper parties only, but also includes parties in interest, that is, that persons whose interests are properly *placed before the court* by someone with standing to represent them are bound by the matters determined in the proceeding." *Latham v. Wells Fargo Bank, N.A.,* 896 F.2d 979, 983 (5th Cir.1990) (emphasis in original) (internal quotation marks and citations omitted). Therefore, assuming *arguendo* that Blue Streak is in privity with the named but unserved defendant (Blue Streak/Gulf Island) in the prior 1985 suit, because that entity never was properly before the court in the prior suit, the identity of parties requirement has not been satisfied.

Alternatively, Blue Streak argues that it was in privity with Wausau, the insurer that Gulf Island sued in the 1985 suit. "A non-party ... is adequately represented where a party in the prior suit is so closely aligned to her interests as to be her virtual representative. [citations omitted] This requires more than a showing of parallel interests—it is not enough that the non-party may be interested in the same questions or proving the same facts." *Eubanks v. F.D.I.C.,* 977 F.2d 166, 170 (5th Cir.1992) (citation omitted). Gulf Island sued Wausau in the 1985 action *not* as a third party complaining of the negligence of Blue Streak, but rather as a named insured under its Wausau policy. Although

7

Wausau's interest in certain respects may have been parallel to Blue Streak's in the prior suit, Wausau was not standing in the shoes of Blue Streak, and its interests were not aligned with those of Blue Streak as they conceivably would be in a third-party action.[5]  Rather, Wausau was protecting itself in a hull and machinery insurance policy coverage dispute with one of its own insureds.  Consequently, the district court erred in finding that Blue Streak satisfied the identity of parties requirement of res judicata.  Because Blue Streak does not meet the first requirement of res judicata, it is unnecessary to review the arguments presented by the parties as to the other requirements of res judicata.

## IV. UNDERWRITERS' CLAIM OF RES JUDICATA

Finally, it must be determined whether Gulf Island's claims against Underwriters were barred by res judicata.  Underwriters concedes that it was not a named party defendant to the prior 1985 suit.  Nevertheless, Underwriters argues that it is entitled to assert the defense of res judicata because Blue Streak is its insured, and thus, it stands in the shoes of Blue Streak.[6]  Underwriters correctly states the proposition that "the direct action insurer stands as a party-litigant in exactly the same shoes as the assured."  *Ex parte Tokio Marine & Fire Ins. Co.,* 322 F.2d

---

[5]In the court below Blue Streak filed a cross-claim against Wausau, indicating the parties' interests were not identical.

[6]Both Underwriters and the court below have expressly recognized that Underwriters' liability is predicated solely on the liability of its assured, Blue Streak.

8

113, 116 (5th Cir.1963); *Federal Deposit Ins. Corp. v. Mmahat,* 960 F.2d 1325, 1330 n. 10 (5th Cir.1992). However, this argument offers Underwriters no succor in that this Court has determined that Blue Streak was not entitled to summary judgment on the basis of res judicata. Because res judicata does not bar the suit against Blue Streak, it does not bar the suit against its insurer, Underwriters. Thus, Underwriters' assertion of res judicata must also fail.

## V. CONCLUSION

For the reasons set forth above, we REVERSE the district court's summary judgment and REMAND the case for further proceedings.