# IN THE UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

No. 96-30231
(Summary Calendar)

MADELINE BICKERSTAFF, on behalf of herself and
    all other individuals similarly situated,

Plaintiff-Appellant,

versus

THE WHITNEY NATIONAL BANK, et al.,

Defendants,

THE WHITNEY NATIONAL BANK,

Defendant-Appellee.

Appeal from United States District Court
for the Eastern District of Louisiana
(94-CV-4141-J)

September 20, 1996

Before DAVIS, EMILIO M. GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

In this employment discrimination case, Madeline Bickerstaff appeals the district court's grant of summary judgment. She argues that genuine issues of material fact concerning the appellee's motive for terminating her precluded summary judgment. Bickerstaff also contends that her amended charge of disability discrimination was timely because it related back to her timely filed EEOC charge of age discrimination. For the following reasons, we affirm the judgment below.

---

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

**FACTS**

Madeline Bickerstaff, who was fifty-four years of age, worked as a teller in the Whitney National Bank (hereinafter referred to as "Whitney" or "Bank") for seventeen years without receiving any reprimands or discipline for her work performance. However, she was fired five months before she was eligible for retirement with full benefits. Bickerstaff allegedly was fired for failing to follow the Bank's written endorsement policy.

The Bank's policy provided that checks are to be endorsed exactly as drawn, and that "checks payable to companies, corporations, and/or trade names should be accepted for deposit only to an account identifiable to the payee." The practice in the Bank was not in accord with the written policy. The branch manager allegedly ordered Bickerstaff and other tellers to violate the policy on numerous occasions.

Shortly before her discharge, in keeping with the Bank's practice, Bickerstaff deposited a company's check in an individual's account. This failure to follow protocol resulted in a $5,000.00 loss to the Bank and allegedly prompted her discharge. Two other tellers were fired the same day the Bank discharged Bickerstaff. Like Bickerstaff, they had been fired for violating the written endorsement policy, and their violations involved monetary losses to the bank. The district court granted summary judgment against Bickerstaff because she failed to provide evidence creating a reasonable inference that Whitney's proffered reason for her discharge was a pretext for discrimination.

**DISCUSSION**

We review a grant of summary judgment under the parameters established by rule 56 of the Federal Rules of Civil Procedure. Summary judgment shall be granted if the record, taken as a whole,

2

"together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56. We review the district court's summary judgment de novo. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994); see also Burden v. General Dynamics Corp., 60 F.3d 213, 216 (5th Cir. 1995). Fact questions are considered with deference to the non-moving party, while questions of law are reviewed de novo. Herrera v. Millsap, 862 F.2d 1157, 1159 (5th Cir. 1989).

Bickerstaff argues that she showed that Whitney's proffered reason was a pretext by testifying in her deposition that the Bank did not follow its written endorsement policy. Further, the Bank's proffered reason was not worthy of credence because of two facts: (1) Bickerstaff was abruptly terminated within five months of receiving full retirement benefits, including health benefits, and (2) Bickerstaff's numerous medical problems were costly to Whitney, which had a self-insured health plan. Additionally, Bickerstaff contends that because issues if motive and intent are involved, she deserved the opportunity of a trial.

We must evaluate the sufficiency of the evidence in an employment discrimination case using the three-tier McDonnell Douglas analysis: (1) the plaintiff must establish a prima facie case of employment discrimination, (2) the burden shifts to the defendant to produce a legitimate, nondiscriminatory reason for its actions, and (3) the burden returns to the plaintiff to prove that the reason was a pretext for discrimination and that the real reason was to discriminate. Marcantel v. Louisiana Dept. of Transp. & Dev., 37 F.3d 197, 199 (5th Cir. 1994) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973)). The parties do not dispute that Bickerstaff has established a prima facie case or that Whitney produced a nondiscriminatory reason. Therefore, we will proceed to the determination of whether genuine issues exist regarding

3

Bickerstaff's burden to prove that Whitney's true motive was to discriminate.

We note at the outset that though summary judgment is rarely proper when an issue of intent is involved, the presence of an intent issue does not automatically preclude summary judgment; the case must be evaluated like any other to determine whether a material issue of genuine fact exists. See Krim v. BancTexas Group, Inc., 989 F.2d 1435, 1449 (5th Cir. 1993) ("summary judgment is proper even if intent is an essential element of the nonmoving party's case"). In International Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1265-66 (5th Cir. 1991), cert. denied, 502 U.S. 1059 (1992), the court clarified that though summary judgment is rarely proper when the case involves state of mind issues, it "may be appropriate if the moving party rests merely on conclusory allegations, improbable inferences, and unsupported speculation." Accordingly, the allegation of intent does not spontaneously shield a case from summary judgment. See S.W. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 495 (5th Cir. 1996).

Looking at the summary judgment evidence in the light most favorable to Bickerstaff, we cannot find that genuine issues of material fact exist. Whitney presented a legitimate, nondiscriminatory reason for discharging Bickerstaff. Bickerstaff's summary judgment evidence indicates that other tellers had been disciplined with probation for violating the Bank's procedures prior to being disciplined by discharge, while she was discharged immediately after her first offense. She also showed that some of these employees' errors caused greater monetary damage to the Bank than her mistake caused. This evidence, standing alone, neither refutes Whitney's proffered reason nor allows a reasonable inference of discrimination, see Rhodes v. Guiberson Oil Tools, 75 F.3d 989, 993 (5th Cir. 1996) (en banc), especially where Bickerstaff received the same discipline as the other two tellers charged along with her for violating the written endorsement policy. Further, the

4

employees discharged for violating bank procedures in the past were under the age of thirty-four.

Bickerstaff presents only conclusory and speculative statements to prove that the reason for her firing was a pretext for discrimination and that the true reason for firing her was to discriminate because of her age or disability. Though it is often difficult to prove employment discrimination, the plaintiff must establish more than subjective beliefs to prove her case. See Douglass v. United Serv. Auto. Asso., 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc). Generalized testimony by an employee regarding her subjective belief that her discharge was the result of discrimination is insufficient to make an issue for the jury when the beliefs are not substantiated by conduct or comments that are directly related to an adverse employment action. See id.; and Portis v. First Nat'l Bank of New Albany, 34 F.3d 325, 329 (5th Cir. 1994). Bickerstaff's evidence falls within the gambit of subjective speculation and could not prevent summary judgment.[1]

## CONCLUSION

For the foregoing reasons, we AFFIRM summary judgment rendered in favor of Whitney National Bank.

---

[1]We affirm Whitney's summary judgment on the merits; therefore, we need not address Bickerstaff's timeliness and relating back arguments. We do note, however, that because the district court granted summary judgment on the merits of Bickerstaff's age and disability claims, res judicata principles apply to future actions pursued on these claims.

5