**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**
No. 96-4090

Sandra Compton,                              *
                                             *
         Appellant,                 *
                                             *
     v.                           *   Appeal from the United States
                                             *   District Court for the
City of Cedar Rapids, Iowa; Steven J.        *   Northern District of Iowa.
Feldmann,                                    *
                                             *        [UNPUBLISHED]
         Appellees.                 *

_____

Submitted: July 3, 1997
Filed: July 9, 1997

_____

Before BOWMAN, WOLLMAN, and BEAM, Circuit Judges.

_____

PER CURIAM.

Sandra Compton filed this 42 U.S.C. § 1983 action against the city of Cedar Rapids, Iowa, and Cedar Rapids police officer Steven Feldmann, alleging defendants violated her Fourth Amendment rights when Feldmann prepared an arrest warrant application incorrectly identifying her as a suspect on a forgery charge, and the warrant information was placed on the National Crime Information Center (NCIC) computer network, which led to her arrest and forty-five minute detention before officers determined the true suspect had been arrested elsewhere. Compton alleged the city failed to train Feldmann regarding constitutional requirements that Feldmann's arrest

warrant descriptions be accurate. The district court[1] granted summary judgment to defendants, and we affirm.

We review a grant of summary judgment de novo, applying the same standard as the district court; summary judgment is appropriate when, viewing the record in the light most favorable to the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Thomas v. Gunter, 103 F.3d 700, 702 (8th Cir. 1997).

Based on the facts known to Feldmann, we conclude a reasonable officer in his position would not have known he was violating Compton's rights. See Heidemann v. Rother, 84 F.3d 1021, 1028 (8th Cir. 1996) (for qualified immunity, must determine whether reasonable official in officer's position would have known his conduct violated constitutional right); see also Anderson v. Creighton, 483 U.S. 635, 641 (1987) (reasonableness inquiry "will often require examination of the information possessed by" relevant officials). The undisputed evidence showed that Feldmann conscientiously investigated the information that he included for an arrest warrant and NCIC entry. After the victim viewed a videotape of a woman writing bad checks on the victim's account and identified the woman as the victim's former neighbor, "Sandra Compton," Feldmann obtained information from the Iowa Department of Transportation (DOT) on a "Sandra Compton." He then verified with the suspect's common-law husband and the victim that the physical characteristics, middle name, and birth date in the DOT records were those of the suspect. Feldmann had no reason to disbelieve the information he received. Only after the suspect--also named Sandra Compton--was apprehended and appellant was mistakenly arrested did Feldmann learn the identifying information was that of appellant. See Herrera v. Millsap, 862 F.2d 1157, 1160 (5th Cir. 1989) (no due process violation existed when officers mistakenly named individual with similar name

---

[1]The Honorable Michael J. Melloy, Chief Judge, United States District Court for the Northern District of Iowa.

in arrest warrant; need more than negligence); see also Baker v. McCollan, 443 U.S. 137, 140, 144 (1979) (no violation when plaintiff was arrested on warrant meant for plaintiff's brother because brother had used plaintiff's driver's license; honest mistake about identity amounted to mere negligence).

We further conclude that the city's procedure for obtaining accurate arrest warrant descriptions, as implemented by Feldmann, was not constitutionally infirm. See Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 694 (1978) (municipal liability under section 1983 limited to actions occurring under official policy or custom); Simons v. Clemons, 752 F.2d 1053, 1055 (5th Cir. 1985) (claim against city failed because no deprivation of constitutional right where plaintiff was arrested on facially valid warrant because of honest mistake). Compton has not identified, and we cannot discern, any specific policy or any further training that would have prevented this mistake. See Thelma D. v. Board of Educ., 934 F.2d 929, 934 (8th Cir. 1991) (to establish failure-to-train claim, must show deliberate indifference by showing city had notice its procedures were inadequate and likely to result in violation of constitutional rights). Finally, because there was no evidence Feldmann or any other city official learned of the mistake until after Compton's arrest, the alleged lack of a city policy concerning correction of inaccurate information did not contribute to Compton's arrest.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.