**Betty MATHERNE**

v.

**Terrebonne Parish Sheriff Jerry L. LARPENTER.**

No. CIV. A. 98–1381.

United States District Court, E.D. Louisiana.

June 2, 1999.

Douglas Henry Greenburg, Houma, LA, Stephen Patrick Callahan, Houma, LA, for plaintiff.

Freeman Rudolph Matthews, Usry & Weeks, Metairie, LA, for defendant.

### ORDER AND REASONS

MENTZ, District Judge.

Before the Court is the motion of defendant Terrebonne Parish Sheriff Jerry Larpenter, in his individual and official capacity, for dismissal of this action pursuant to 12(b)(6) for failure to state a claim upon which relief can be granted, or alternatively for summary judgment.

Plaintiff Betty Matherne filed a complaint seeking monetary relief for alleged violations of 42 U.S.C. § 1983 and § 1981, contending that Larpenter, while acting under the color of state law, intentionally and maliciously deprived her of her constitutional and statutory rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution. In addition to her federal claims, Matherne seeks the court's supplemental jurisdiction for state law claims for defamation, malicious prosecution, and intentional infliction of emotional distress.

Larpenter contends in his motion to dismiss that Matherne fails to allege the deprivation of any constitutionally protected interest sufficient to state a claim under the First, Fourth, or Fourteenth Amendments.

■ A § 1983 complainant must support her claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *See Fee v. Herndon,* 900 F.2d 804, 807 (5th Cir.), *cert. denied,* 498 U.S. 908, 111 S.Ct. 279, 112 L.Ed.2d 233 (1990); *Angel v. City of Fairfield,* 793 F.2d 737, 739 (5th Cir. 1986).

A claim may be dismissed only if the plaintiff can prove no set of facts in support of the claim that would entitle her to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The reviewing court must consider only those facts alleged in the complaint and accept all of the allegations as true. *Campbell v. Wells Fargo Bank,* 781 F.2d 440, 442 (5th Cir.1986).

### I. Section 1983 Claim for Malicious Prosecution

■ To state a claim for malicious prosecution under § 1983, Matherne must allege that: 1) she suffered a deprivation of constitutional magnitude; 2) the malicious prosecution was committed by state actors; and 3) she satisfies the requirements of a state law claim for malicious prosecution. *See* 42 U.S.C. § 1983; *Gomez v. Toledo,* 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980)(elements of a claim under § 1983 are: (1) that the conduct in question deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States; and (2) that the conduct complained of was committed by a person acting under color of state law); *Johnson v. Louisiana Department of Agriculture,* 18 F.3d 318, 320 (5th Cir.1994) (a claim for malicious prosecution is not actionable under § 1983 unless the plaintiff alleges not only a deprivation of a constitutional right, but also all of the elements of the common law tort action).

As explained below, Matherne's malicious prosecution claim fails, notwithstanding allegations sufficient to state a tort claim under Louisiana law, because she has not alleged a deprivation of constitutional magnitude.

Matherne alleges that Larpenter issued a criminal summons against her without probable cause and with malice in violation of her constitutional rights under the Fourth and Fourteenth Amendments.

■ There is a Fourth Amendment right to be free from malicious prosecution, but not without a deprivation of liberty consistent with the concept of seizure. *See Evans v. Ball,* 168 F.3d 856 (5th Cir. 1999); *Whiting v. Traylor,* 85 F.3d 581, 583–84 (11th Cir.1996).

The Fifth Circuit recently addressed what constitutes a seizure under the Fourth Amendment in the context of a malicious prosecution. In *Evans v. Ball,* 168 F.3d 856 (5th Cir.1999), the plaintiff

received a criminal summons to appear and answer to criminal charges. He also was "fingerprinted, photographed, forced to sign a personal recognizance bond, and required to report regularly to pretrial services, to obtain permission before leaving the state, and to provide federal officers with financial and identifying information." *Id.* at 860. The Fifth Circuit held that the summons issued to Evans "coupled with" the additional restrictions on his liberty constituted a seizure under the Fourth Amendment. *Id.* at 861. The court recognized its precedent in *Nesmith v. Taylor*, 715 F.2d 194, 196 (5th Cir.1983), wherein the court declined to decide whether a mere summons backed by a threat of arrest could ever constitute a seizure. The court in *Evans* distinguished the "mere summons" situation by emphasizing the accompanying "significant" liberty restrictions against Evans, particularly the restriction of his right to interstate travel, which effectively rendered him seized for purposes of the Fourth Amendment. *Id.*

■ In the case at bar, Matherne alleges that Larpenter issued a criminal summons against her for criminal mischief, that he acted with malice and without probable cause, and that the Parish District Attorney declined to prosecute the charges. She does not allege that she was detained, arrested, arraigned, incarcerated, tried, or convicted in connection with the summons. She does allege that she appeared in court in response to the summons where she "was advised for the first time" that her case had been officially declined for prosecution. *See* Complaint at ¶ 12. Matherne alleges that ten days prior to her court appearance, the "headline article" in the local newspaper with the "widest distribution in Terrebonne Parish" printed an article that the Parish District Attorney would not prosecute her. *See* Complaint at ¶ 10. Her voluntary appearance in court after widespread publication that the charges would not be prosecuted is not analogous to the kinds of accompanying significant liberty restrictions present in *Evans*. Unlike the plaintiff in *Evans*, she does not allege any accompanying restrictions on her liberty that would effectively amount to a seizure. Accordingly, the court finds as a matter of law that the criminal summons to Matherne, coupled with her voluntary court appearance after published notice that the charges would not be prosecuted, did not sufficiently diminish her liberty to render her seized under the Fourth Amendment.

■ There is no Fourteenth Amendment substantive due process right to be free from malicious prosecution. *Albright v. Oliver*, 510 U.S. 266, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994) (pre-trial deprivations of liberty, such as malicious prosecution, are not actionable under the Fourteenth Amendment.) Accordingly, Matherne's claim for malicious prosecution under the Fourteenth Amendment must fail as a matter of law.

## II. Section 1983 Claim for Violation of the First Amendment

Matherne alleges that Larpenter maliciously issued the criminal summons against her and made related defamatory statements about her to the press as a means of intimidation and in retaliation for her past political opposition to him as Sheriff of Terrebonne Parish. Complaint at ¶ 9, 10, 11, and 14.

■■ As a general rule, adverse government action taken in retaliation for the exercise of protected speech violates the First Amendment. *See Colson v. Grohman*, 174 F.3d 498 (5th Cir.1999). Accepting as true Matherne's allegations that Larpenter defamed her and acted maliciously in issuing the summons without probable cause in retaliation for her exercise of protected free speech, her complaint nevertheless fails to allege an actionable violation of the First Amendment.

A "plaintiff must cross a certain threshold of harm before she can bring a claim for First Amendment retaliation." *Id.* at

513, n. 8. Mere false accusations in retaliation for protected free speech do not give rise to a constitutional deprivation for purposes of the First Amendment. *Id.* at 510–12. "[R]etaliatory criticisms, investigations, and false accusations that do not lead to some more tangible adverse action are not actionable under § 1983." *Id.* at 513.

Malicious issuance of a criminal summons without probable cause and defamatory statements to the press without any other adverse action are tantamount to mere false accusations which are not actionable under section 1983. *See Id.* at 512–13. As in *Colson,* Matherne has alleged only the "she was the victim of criticism, an investigation ..., and false accusations, all harms that, while they may chill speech, are not actionable under our First Amendment retaliation jurisprudence." *Id.* at 511–12.

Having failed to state a claim for violation of the First, Fourth or Fourteenth Amendments, the court will dismiss Matherne's claim under 42 U.S.C. § 1983.

### III. Section 1981 Claim

■ Section 1981 provides liability for acts of racial discrimination in connection with the making and enforcement of contracts. *See* 42 U.S.C. § 1981. Matherne has not alleged any facts that would support such discrimination. Accordingly, the court will dismiss Matherne's § 1981 claim.

### IV. State Law Claims

■ Matherne's claims under § 1983 and § 1981 are the sole basis for federal jurisdiction in this case. Under 28 U.S.C. § 1367(c)(3) this court has broad discretion to decline to exercise supplemental jurisdiction where it has dismissed all claims over which it had original jurisdiction. The Court, having dismissed Matherne's federal law claims, hereby declines to exercise supplemental jurisdiction.

Accordingly,

IT IS ORDERED that:

(1) The Rule 12(b)(6) Motion of Defendant Terrebonne Parish Sheriff Jerry L. Larpenter to Dismiss is **GRANTED,** dismissing all federal claims with prejudice.

(2) All state law claims are **DISMISSED WITHOUT PREJUDICE** to refiling in state court.