# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 6, 2009

Charles R. Fulbruge III
Clerk

No. 08-10614
Summary Calendar

Corey Thompson,

Plaintiff-Appellant,

v.

Gary Johnson, Richard Wathen, James Mooneyham, Joseph Boyle, Kelly
Timbrook, Orlando Taylor, Ricardo Briones, Danny Horton, Betty Hunter,
Danny Rivers, Sean Bell,

Defendants-Appellees.

Appeal from the United States District Court for
the Northern District of Texas
7:05-CV-201

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Corey Thompson, an inmate in the Texas prison system, filed *pro se* and
*in forma pauperis* a 42 U.S.C. § 1983 action in the district court, asserting that
his Eighth Amendment right to be free from cruel and unusual punishment was
violated on December 20, 2004 by the excessive use of force of Correctional
Officer Danny Rivers of the Texas Department of Criminal Justice ("TDCJ").

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Thompson alleges that Rivers punched him repeatedly in the face while Thompson was handcuffed. In his complaint, Thompson named Rivers as a defendant, as well as Gary Johnson, Danny Horton, Richard Wathen, James Mooneyham, Joseph Boyle, Betty Hunter, Kelly Timbrook, Ricardo Briones, Sean Bell, and Orlando Taylor, all officials for TDCJ. The district court issued the following rulings that are at issue in this appeal: (1) denied Thompson's request for counsel; (2) dismissed the claims against Johnson, Wathen, Mooneyham, Boyle, Taylor, and Timbrook on summary judgment based on their lack of personal involvement in the alleged incident; (3) dismissed the claims against Briones on summary judgment based on qualified immunity and Thompson's failure to state a cognizable conspiracy claim under § 1983; and (4) dismissed the claim against Rivers without prejudice for failure to effect service of process on Rivers. For the following reasons, we AFFIRM the district court's opinion.

## I.

Thompson first challenges the district court's denial of Thompson's motion for appointment of counsel. This court reviews the district court's denial of appointment of counsel for an abuse of discretion. *Romero v. Becken*, 256 F.3d 349, 354 (5th Cir. 2001). In evaluating whether the appointment of counsel is proper, the district court considers the type and complexity of the case, the litigant's ability to investigate and present the case, and the level of skill required to present the evidence. *Id.*

In this case, the district court concluded that based on Thompson's complaint, answers to the court's questionnaire, and motions, Thompson was capable of representing himself. The district court also found that the case presented no complex issues of law or fact that required the skill of an attorney

2

to litigate. We have reviewed the record and find that the district court did not abuse its discretion in denying Thompson appointment of counsel.

## II.

Thompson next challenges the dismissal of his claims against supervisory TDCJ officials Johnson, Wathen, Mooneyham, Boyle, Taylor, and Timbrook on summary judgment. This court reviews *de novo* a district court's grant of summary judgment, applying the same standard as the district court. *Herrera v. Millsap*, 862 F.2d 1157, 1159 (5th Cir. 1989). Therefore, we cannot affirm the district court's grant of summary judgment unless, after an independent review of the record, we are convinced that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Id.*

The district court held that these defendants had no liability because they were supervisors who did not participate in the events the plaintiff alleged caused his injuries. Officials acting in a supervisory role may only be held liable under § 1983 if they either (1) affirmatively participate in acts that cause a constitutional deprivation or (2) implement unconstitutional policies that causally result in the plaintiff's injury. *Mouille v. Live Oak*, 977 F.2d 924, 929 (5th Cir. 1992).

In this case, Thompson provided no summary judgment evidence that any of these defendants affirmatively participated in the alleged acts or implemented unconstitutional policies that causally resulted in Thompson's injuries. At the time of the alleged incident, Johnson was the Executive Director of TDCJ and had no personal involvement with the incident. Wathen and Mooneyham are assistant wardens who also had no personal involvement with the events that give rise to the suit. Correctional Officer Boyle served as the hearing officer during a disciplinary proceeding that resulted from the incident giving rise to this suit, but had no personal involvement with the incident itself.

Correctional Officer Taylor photographed Thompson's injuries from the alleged incident for documentation purposes and escorted Thompson to the infirmary for treatment. There are no allegations that Taylor was involved in the alleged use of excessive force. Thompson does allege that Taylor conspired to cover up the use of excessive force and allowed for the falsification of documents associated with the alleged incident. There are no facts in the record, however, that support these allegations.

Finally, Thompson alleges that Correctional Officer Timbrook was involved with the alleged excessive force because she witnessed the alleged incident from her picket station. However, Thompson's own versions of the facts and the Use of Force Report state that upon seeing the incident, Timbrook radioed the appropriate officers for help. There is no assertion that Timbrook took any part in the excessive force alleged.

Based on their lack of personal involvement and the lack of summary judgment evidence supporting Thompson's allegations, it is clear that the district court did not err in dismissing with prejudice the claims against Johnson, Wathen, Mooneyham, Boyle, Taylor, and Timbrook. Baesd on this conclusion, the district court also did not err in denying Thompson's motions for further discovery relating to these defendants.

## III.

Thompson next challenges the district court's dismissal of his claims against Briones on summary judgment. Unlike the defendants discussed above, Correctional Officer Briones became personally involved in the alleged incident when he ran to the scene after hearing a commotion and stopped Rivers from punching Thompson. Thompson alleges that Briones (a) violated his Eighth Amendment right by subjecting him to cruel and unusual punishment and (b)

4

conspired to falsify the disciplinary report that was written following the alleged incident.

In *Saucier v. Katz*, 533 U.S. 194 (2001), the United States Supreme Court set forth a two-prong test for determining whether an official is entitled to a qualified immunity defense in an excessive force case. First, we must determine if the facts, taken in the light most favorable to the party asserting the injury, show the officer's conduct violated a constitutional right. *Id.* at 201. Second, if a constitutional right has been violated, we must ask whether the right was clearly established. *Id.*

In this case, Thompson does not show that Briones violated Thompson's Eighth Amendment right to be free from cruel and unusual punishment. Under the Eighth Amendment, a prison official has a duty to ensure the reasonable safety of the prisoners. *Farmer v. Brennan*, 511 U.S. 825, 844-45 (1994). A prison official meets that duty if he knows of a substantial risk to an inmate's health or safety and reasonably responds to that risk, even if the harm is ultimately not averted. *Id.* In his original complaint, Thompson stated that Briones ran to the scene to stop Rivers from punching him. Thompson also stated that Briones ordered Timbrook to call for a supervisor. Thompson's own allegation that Briones timely responded to the alleged incident belies his argument that Briones failed to comply with his duty to ensure the reasonable safety of Thompson. Because Briones' conduct did not violate a constitutional right, there is no need to continue the qualified immunity analysis. We therefore agree that Briones was entitled to qualified immunity.

In order for Thompson to prevail on a conspiracy claim under § 1983, he must establish the existence of a conspiracy and a deprivation of civil rights in furtherance of that conspiracy. *Hale v. Townley*, 45 F.3d 914, 920 (5th Cir. 1995). Thompson must state a factual basis for the conspiracy; mere allegations are insufficient. *Arseneaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982).

In this case, Thompson alleges that Briones conspired with Taylor and Rivers to falsify the disciplinary report written after the alleged incident. However, as stated above with respect to Taylor, no factual support of any falsification is provided. Because Thompson fails to state any cognizable conspiracy claim under § 1983, the district court correctly dismissed this claim against Briones.

IV.

Thompson makes three arguments with respect to the district court's dismissal of his claims against Rivers for lack of service. First, Thompson challenges the district court's refusal to allow the U.S. Marshal to serve process on Rivers. This claim is unfounded. On March 29, 2007, Judge Buchmeyer ordered that Rivers be served by certified mail at his last known address. Thus, there is no merit to this argument.

Second, Thompson argues that the district court erred in denying Thompson's request for an entry of default judgment against Rivers. It is undisputed that Rivers was never properly served with process. Though service was attempted at Rivers' last known address, service was returned unexecuted. Until Rivers is properly served, Thompson cannot obtain a default judgment. *Rogers v. Hartford Life & Acc. Ins. Co.*, 167 F.3d 933, 937 (5th Cir. 1999); *Broadcast Music, Inc. v. M.T.S. Enter., Inc.*, 811 F.2d 278, 282 (5th Cir. 1987). The district court correctly declined to enter a default judgment against Rivers.

Finally, Thompson challenges the district court's dismissal of the claim against Rivers. We review a dismissal for failure to effect service of process for an abuse of discretion. *Lindsey v. U.S. R.R. Retirement Bd.*, 101 F.3d 444, 445 (5th Cir. 1996). The district court dismissed the claim without prejudice against Rivers on October 5, 2007. Given that the district court allowed more than five

months for Rivers to be properly served before it dismissed the claim without prejudice, the district court did not abuse its discretion.

## CONCLUSION

For the above reasons, we AFFIRM the judgment of the district court.