# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 29, 2011

No. 10-10731

Lyle W. Cayce
Clerk

JUDY CHOU CHIUNG-YU WANG,

Plaintiff - Appellant

v.

PRUDENTIAL INSURANCE COMPANY OF AMERICA, also known as
Prudential Financial, Inc.; PRUCO LIFE INSURANCE COMPANY; PRUCO
SECURITIES L.L.C.; JULIE MAHANCO; MICHELE TALAFHA; MARY JO
REICH; BONNIE GOSHIN; KATHRYN MARIE EVANS; RICHARD
MICHAEL TRETA; RICHARD HSING SHENG WANG; LINDA WU
JORDAN; MILKIE FERGUSON INVESTMENTS, INC., Compulsory Joinder
of Parties; BROKER DEALER CONCEPTS, INC., Compulsory Joinder of
Parties,

Defendants - Appellees

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:09-CV-1309

Before SMITH, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Judy Chou Chiung-Yu Wang ("Wang") appeals the district court's

dismissal of her claims against her former employer, Prudential Life Insurance

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 10-10731

Company and affiliated entities (collectively, "Prudential"), and several Prudential employees.  On appeal, Wang argues that the district court erred by: (1) failing to convert the defendants' motion to dismiss into a motion for summary judgment; (2) concluding that her claims are barred by the doctrine of res judicata; (3) dismissing several Prudential employees for lack of personal jurisdiction; (4) dismissing all of Wang's state law claims; and (5) dismissing Milkie Ferguson Investments, Inc. ("Milkie Ferguson") and Broker Dealer Concepts, Inc. ("Broker Dealer Concepts") from the suit.  We AFFIRM.

## I.  FACTS AND PROCEDURAL HISTORY

Wang, an Asian-American woman over the age of 60, worked for Prudential as an insurance agent from 1999 until 2004.  She was terminated on October 8, 2004 after a dispute arose over a life insurance policy.  In 2005, Wang filed her first action ("*Wang I*") against Prudential and her manager, Richard Treta ("Treta"), alleging violations of the Age Discrimination in Employment Act of 1967 ("ADEA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1981, and the Texas Labor Code.  She also alleged state law claims of negligent supervision, training, and retention and defamation.  The district court dismissed these claims with prejudice in April 2007.  *See Wang v. Prudential Fin. Corp.*, No. 3:05-CV-2091-B, 2007 U.S. Dist. LEXIS 29256 (N.D. Tex. Apr. 20, 2007) ("*Wang I*").  Wang appealed, and we affirmed.  *See Wang v. Prudential Fin. Corp.*, 267 F. App'x 362 (5th Cir. 2008).

While her appeal was pending before this court, Wang filed a second lawsuit ("*Wang II*") on August 7, 2007 against Prudential.  In this lawsuit, Wang again alleged that Prudential and Treta violated Title VII, the Texas Labor Code, the ADEA, and 42 U.S.C. § 1981.  She also re-raised her negligent hiring, supervision, and retention claim.  She added claims for violations of the Equal Pay Act and for non-payment of compensation and benefits.  The district court dismissed Wang's second lawsuit, finding that all claims were barred by res

2

No. 10-10731

judicata, as they were based on the same set of facts that the court considered in *Wang I*. *See Wang v. Prudential Fin. Corp.*, No. 3:07-CV-1574-P (N.D. Tex. Jan. 9, 2008).

On January 13, 2009, Wang filed the instant lawsuit ("*Wang III*"), this time against Prudential and various affiliates, Milkie Ferguson, Broker Dealer Concepts, Treta, and various other Prudential employees.[1] Wang alleged claims against Prudential and its employees for: (1) retaliation under Title VII; (2) violations of 42 U.S.C. § 1981; (3) disparate impact, disparate treatment, and retaliation under the ADEA, the Fair Labor Standards Act ("FLSA"), and the Texas Payday Law; (4) violations of the Lilly Ledbetter Fair Pay Act of 2009; and (5) state law claims for slander, defamation, negligent hiring, supervision, and retention, intentional infliction of emotional distress ("IIED"), and tortious interference with contract.

In *Wang III*, Wang's Title VII, retaliation, and state-law tort claims were based on Prudential's November 15, 2007 amendment of Wang's Uniform Termination Notice for Securities Industry Registration ("Form U-5") with the Financial Industry Regulatory Authority, a federal agency. Wang claimed that the amended Form U-5 indicated that she had been terminated for fraud and theft. She alleges that Prudential amended the Form U-5 to retaliate against her for filing *Wang I*. This alleged retaliation occurred after Wang filed her complaint in *Wang II*. Wang also alleged that Prudential then amended the Form U-5 again in August 2008 to show that she was not terminated for fraud or theft.

---

[1] Specifically, Wang named Kathryn Evans, Richard Wang, and Linda Wu Jordan as defendants. She also named Julie Mohanco, Michele Talafha, Mary Jo Reich, and Bonnie Goshin (collectively, the "Non-Resident Defendants"). Wang raises no points of error related to Jordan in her appellate brief, so we find that she has abandoned any issues as to her.

3

No. 10-10731

Also as a result of Prudential's November 15, 2007 amendment, Wang alleged that Milkie Ferguson, her employer at the time of the amendment, had to amend its own Uniform Application for Securities Registration or Transfer Form ("Form U-4") to reflect Prudential's changes and deducted from her pay to reflect the cost of filing an amended Form U-4. She also claimed that Prudential tortiously interfered with her employment relationship with Milkie Ferguson. The district court dismissed claims against the Non-Resident Defendants for lack of personal jurisdiction, and dismissed claims against Prudential and its employees as barred by res judicata. The district court granted Milkie Ferguson's motion to dismiss because Wang failed to state a claim against Milkie Ferguson and named the company only out of a mistaken belief that Milkie Ferguson was a party whose joinder was required. The district court granted Broker Dealer Concepts' motion to dismiss for the same reason. Wang timely appealed.

## II.  JURISDICTION

The district court had subject matter jurisdiction over Wang's federal claims pursuant to 28 U.S.C. § 1331, and it had jurisdiction over Wang's pendent state law claims pursuant to 28 U.S.C. § 1367. We have jurisdiction over this appeal under 28 U.S.C. § 1291.

## III.  DISCUSSION

Before addressing Wang's substantive issues, we must address Prudential's contention that Wang's briefing was so inadequate as to waive her appeal in its entirety. We disagree with Prudential's position. Wang appears pro se, and we therefore interpret her "brief liberally to afford all reasonable inferences which can be drawn from them." *In re Tex. Pig Stands, Inc.*, 610 F.3d 937, 941 (5th Cir. 2010). We do require, under Federal Rule of Appellate Procedure 28, "that the appellant's argument contain the reasons [s]he deserves the requested relief 'with citation to the authorities, statutes and parts of the

4

No. 10-10731

record relied on.'" *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) (citing *Weaver v. Puckett*, 896 F.2d 126, 128 (5th Cir. 1990)). With the benefit of liberal construction, Wang's brief generally meets the requirements set forth in Federal Rule of Appellate Procedure 28; therefore, we conclude that Wang did not waive her appeal in its entirety. However, we do conclude that she failed to adequately brief the personal jurisdiction issues. Thus, we find that she has waived her issues regarding the dismissal of the Non-Resident Defendants. *Douglas W. ex rel. Jason D.W. v. Houston Indep. Sch. Dist.*, 158 F.3d 205, 210–11 n.4 (5th Cir. 1998) (per curiam) ("[F]ailure to provide any legal or factual analysis of an issue on appeal waives that issue."). We now turn to the other issues raised in Wang's brief.

A.     Whether the district court erred in not converting the motion to dismiss into a motion for summary judgment.

On appeal, Wang argues that the district court erred by considering Prudential's affirmative defense on a motion to dismiss, and by considering matters outside of the pleadings without converting Prudential's motion to dismiss into a motion for summary judgment. Wang is correct that "generally a res judicata contention cannot be brought in a motion to dismiss; it must be pleaded as an affirmative defense." *Test Masters Educ. Servs. v. Singh*, 428 F.3d 559, 570 n.2 (5th Cir. 2005). However, since Wang failed to challenge the defendants' "ability to argue res judicata in a motion to dismiss rather than in their response or a motion for summary judgment[,] . . .we review the district court's dismissal of [plaintiff's] claims under the 12(b)(6) standard." *Id.*

Additionally, "[i]n deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record." *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). Thus, the district court did not impermissibly consider

documents outside of the record in deciding the motion to dismiss, as the documents referred to were public court filings.[2]

B.     Whether Wang's claims are barred by res judicata.

The doctrine of res judicata prevents a plaintiff from relitigating claims that were or could have been litigated in a prior lawsuit. *Oreck Direct LLC v. Dyson Inc.*, 560 F.3d 398, 401 (5th Cir. 2009). To establish that a claim is barred by res judicata: "(1) the parties must be identical in the two actions; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same claim or cause of action must be involved in both cases." *In re Ark-La-Tex Timber Co.*, 482 F.3d 319, 330 (5th Cir. 2007). As Wang does not dispute that the second and third elements are met, we address only the first and fourth elements.

1.     *Whether the parties are identical in the two actions.*

Res judicata does not require strict identity of the parties. A non-party defendant to a prior suit may qualify as an "identical party" for res judicata purposes if it is in privity with a named defendant. *Gulf Island-IV, Inc. v. Blue Streak-Gulf Is Ops*, 24 F.3d 743, 746 (5th Cir. 1994). We have recognized that privity exists in three circumstances: "(1) where the non-party is the successor in interest to a party's interest in property; (2) where the non-party controlled the prior litigation; and (3) where the non-party's interests were adequately represented by a party to the original suit." *Meza v. Gen. Battery Corp.*, 908 F.2d 1262, 1266 (5th Cir. 1990).

Here, there is no question that Richard Treta, Prudential Financial Corporation, and Prudential Insurance Company of America d/b/a Prudential

---

[2] In addition, Wang attached affidavits to her response to Prudential's motion to dismiss. Thus, even if the district court did err in failing to convert Prudential's motion to dismiss into a motion for summary judgment, the record indicates that Wang was "given a reasonable opportunity to present all material that is pertinent to the motion," as required by Federal Rule of Civil Procedure 12(d). *See* FED. R. CIV. P. 12(d); *see also* FED. R. CIV. P. 56(f).

No. 10-10731

Insurance Company are "identical parties," as Wang specifically named them in prior suits. Therefore, Prudential has established the first element as to these parties. *See In re Ark-La-Tex Timber Co.*, 482 F.3d at 330.

The related Prudential entities also qualify as "identical parties" for purposes of res judicata. In her complaint, Wang named the defendants as "Prudential Insurance Co. of America n/k/a Prudential Financial Inc., and *its subsidiaries*, Pruco Life Insurance Company [and] Pruco Securities L.L.C. . . . ." There can be no doubt that Prudential Insurance Company of America, which was named in the prior suits, adequately represented the interests of its subsidiaries – who are alleged to have committed the same wrongdoing – in the prior suits. *See Eubanks v. Fed. Deposit Ins. Corp.*, 977 F.2d 166, 170 (5th Cir. 1992) ("[W]here the non-party's interests were adequately represented by a party to the prior action, we have concluded that there is sufficient identity between the parties to apply the principles of res judicata and give preclusive effect to the prior judgment. . . . A non-party. . . is adequately represented where a party in the prior suit is so closely aligned to her interests as to be her virtual representative."). Therefore, we conclude that the first element was also met as to Prudential's subsidiaries.

Prudential also claims that its employees are "identical parties" for res judicata purposes. As discussed above, Richard Trata was a named defendant in the prior cases so he is obviously "identical," and we have affirmed the dismissal of the Non-Resident Defendants on other grounds. We need not address this question as to the remaining individual defendants – Richard Wang and Kathryn Evans – as we affirm the dismissal of claims against them on other grounds discussed below.

2.   *Whether the same claim or cause of action was involved in the two cases.*

To determine whether the same claim or cause of action was involved in the prior lawsuits, we apply the transactional test, under which "the preclusive effect of a prior judgment extends to all rights the original plaintiff had with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose." *In re Paige*, 610 F.3d 865, 872 (5th Cir. 2010) (internal quotation marks and citation omitted). "The critical issue is whether the two actions under consideration are based on the same nucleus of operative facts." *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 396 (5th Cir. 2004).

Wang raised her claim that Prudential discriminated against her by lowering her compensation because of her age, race, and sex in both *Wang I* and *Wang II*. Additionally, Wang raised Equal Pay Act, FLSA, and Texas Pay Act claims in *Wang II*. Her compensation claims are clearly based on the same facts that gave rise to both *Wang I* and *Wang II*—specifically, Prudential's failure to compensate her according to the law during her employment; therefore, we hold that the fourth element of the test has been met as to Wang's compensation claims. Because all elements of res judicata have been established as to these claims, we hold that the district court did not err in dismissing them.[3]

---

[3] Even if Wang's claims under the Equal Pay Act, FLSA, and the Texas Pay Act were not barred by res judicata, they are barred by the applicable statutes of limitations. There is a two-year statute of limitations for FLSA and Equal Pay Act claims generally, but the limitations period is extended to three years for willful violations. 29 U.S.C. § 255(a); *see also Hill v. J. C. Penney Co.*, 688 F.2d 370, 374 (5th Cir. 1982). "A cause of action accrues at each regular payday immediately following the work period during which the services were rendered for which the wage or overtime compensation is claimed." *Halferty v. Pulse Drug Co.*, 821 F.2d 261, 271 (5th Cir. 1987). Here, even assuming the alleged violation was willful, Wang's employment—and, as a result, her last pay period—ended on October 8, 2004; therefore, Wang's FLSA claim was untimely because it was not filed within three years after her cause of action accrued. *See* 29 U.S.C. § 255(a). The Texas Labor Code establishes a 180-day deadline to file suit after wages become due. TEX. LAB. CODE ANN. § 61.051 (West 2006). Therefore, Wang's Texas Pay Act claim is also barred.

No. 10-10731

Additionally, to the extent that Wang raises any defamation, retaliation, negligent hiring, supervision, and retention, IIED, and tortious interference claims that are based on the facts raised in *Wang I* or *Wang II*, we hold that those claims are barred. Because Wang has already raised these claims in a prior lawsuit and received a judgment on the merits, the prior judgment's preclusive effect "extends to all rights the original plaintiff had with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose." *In re Paige*, 610 F.3d at 872.

The question of whether Wang's defamation, retaliation, IIED, and tortious interference claims based on the amendment of the Form U-5 on November 17, 2007 are the "same claims" as those raised in *Wang I* and *Wang II* is less clear.[4] We may affirm the district court on any basis supported by the record. *United States v. Pack*, 612 F.3d 341, 347 (5th Cir.), *cert. denied*, 131 S. Ct. 620 (2010). Because we conclude that the district court's judgment can be affirmed on other grounds with respect to these issues, we pretermit the res judicata question as it applies to the causes of action centering on the Form U-5. Thus, we turn to consideration of these other bases.

C.    Whether Wang's claims regarding the U5 filing were properly dismissed.[5]

   *1. Wang's Retaliation Claims*

We affirm the district court's decision to dismiss Wang's retaliation claims because they are time-barred. Pursuant to 42 U.S.C. § 2000e-5(e), a plaintiff

---

[4] Wang also argues in her reply brief that Prudential's 2008 amendment was somehow actionable. Wang's complaint reveals that the 2008 amendment's effect was ameliorative rather than harmful; therefore, her complaint does not support her current assertion.

[5] On appeal, Wang argues that her breach of contract and breach of fiduciary duty claims should not have been dismissed; however, Wang did not raise a breach of contract or a breach of fiduciary duty claim before the district court, so we do not address these arguments. Additionally, although Wang raised a negligent hiring, supervision, and retention claim in her complaint, she did not appeal the district court's dismissal of that claim; therefore, we do not address it.

who initially instituted proceedings with a state or local agency must file a retaliation claim brought under Title VII within 300 days after the alleged unlawful employment practice occurred. Similarly, claims of retaliation brought under the ADEA must be filed within 300 days of the alleged unlawful conduct. 29 U.S.C. § 626(d)(1).

The amended Form U-5, which Wang alleges is the retaliatory conduct, was filed on November 15, 2007. Wang filed her charge of discrimination on February 25, 2009, which was over 300 days after the alleged unlawful conduct occurred; therefore, Wang's retaliation claims under Title VII and the ADEA are time-barred.[6]

### 2.     *Wang's Defamation Claim*

Similarly, Wang's defamation claim is barred by Texas's one-year statute of limitations. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.002 (West 2002). A defamation cause of action accrues on the date the alleged defamatory matter is published. *Newsom v. Brod*, 89 S.W.3d 732, 736 (Tex. App.—Houston [1st Dist.] 2002, no pet.). Here, the amended Form U-5 which contained the allegedly defamatory material was published on November 15, 2007, and Wang did not file her lawsuit until July 13, 2009; therefore, her defamation claim is barred.

### 3.     *Wang's Tortious Interference with Contract Claim*

We conclude that the district court also did not err in dismissing Wang's tortious interference with contract claim. Wang vaguely alleges that by filing the amended Form U-5, Prudential tortiously interfered with her employment at Milkie Ferguson. She fails, however, to state any facts supporting the theory that Prudential willfully and intentionally interfered with her employment at Milkie Ferguson. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 207 (Tex. 2002)

---

[6] Wang's "continuing violation" theory has no application to this discrete act of alleged retaliation.

No. 10-10731

(listing elements of a tortious interference claim).  Therefore, we affirm the district court's decision to dismiss Wang's tortious interference claim.

> ### 4.    *Wang's IIED Claim*

Finally, we conclude that the district court did not err in dismissing Wang's IIED claim.  The Texas Supreme Court has held that "[w]here the gravamen of a plaintiff's complaint is really another tort, intentional infliction of emotional distress should not be available."  *Hoffmann-La Roche, Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004).  IIED was intended to be a "'gap-filler' tort, judicially created for the limited purpose of allowing recovery in those rare instances in which a defendant intentionally inflicts severe emotional distress in a manner so unusual that the victim has no other recognized theory of redress."  *Id.*  Here, Wang could and did bring other tort and employment claims; therefore, there was "no gap to fill" and Wang may not bring an IIED claim.  *Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 816 (Tex. 2005) ("Even if other remedies do not explicitly preempt the tort [of IIED], their availability leaves no gap to fill.").

D.    <u>Whether Wang's claims against Richard Wang and Kathryn Evans should be dismissed.</u>

It is necessary to address Wang's claims against the remaining individual defendants: Richard Wang and Kathryn Evans.  Wang's claims against Richard Wang relate to her compensation claims, as she seeks the return of compensation she claimed was owed to her that was wrongfully paid to Richard Wang.  As discussed above, Wang's compensation claims are time-barred; therefore, we affirm the dismissal of Wang's claims against Richard Wang.  Construing her complaint liberally, Wang also seems to state a claim for unlawful discrimination against Richard Wang because she claims that Richard Wang was treated more favorably than Wang because he was younger.  This is insufficient to state a claim for unlawful discrimination against Richard Wang

11

individually, as Wang at no point alleges that Richard Wang discriminated against her because of her age.

Wang's claims against Kathryn Evans relate to compensation, discrimination, and retaliation. Her compensation and retaliation claims are time-barred. Additionally, Wang's discrimination claims against Evans under Title VII, the ADEA, and 42 U.S.C. § 1981, which are all based on incidents that occurred prior to Wang's termination in 2004, are also time-barred. 42 U.S.C. § 2000e-5(e) (charge related to claim under Title VII must be filed within 300 days of alleged unlawful conduct); 29 U.S.C. § 626(d)(1) (charge related to claim under the ADEA must be filed within 300 days of alleged unlawful conduct); *Jones v. ALCOA, Inc.*, 339 F.3d 359, 364 (5th Cir. 2003) ("[W]here a section 1981 claim is brought in Texas, the two-year statute of limitations for personal injury actions in Texas controls."). To the extent Wang sought to state a claim against Evans for defamation, that claim is also time-barred. Finally, Wang failed to state a claim for tortious interference against any of the defendants; therefore, to the extent that she alleges that Evans tortiously interfered with her contract, that claim was also properly dismissed.

E.    Whether the district court erred in granting Milkie Ferguson's and Broker Dealer Concepts' motions to dismiss.

Wang argued that the district court improperly dismissed Milkie Ferguson and Broker Dealer Concepts and improperly severed their claims. Because the district court never severed claims respecting either of these defendants, we do not address Wang's severance argument. We also affirm the district court's decision dismissing Milkie Ferguson and Broker Dealer Concepts from the suit. At no point in her complaint did Wang even attempt to state a claim against either defendant. She asserted to the district court that "Broker Dealer Concepts joined as a compulsary [sic] joinder of party of involuntary plaintiff, not defendant, and is a required party in this suit." She joined Milkie Ferguson for

the same reason. However, despite Wang's contentions that Broker Dealer Concepts and Milkie Ferguson are involuntary plaintiffs, her complaint appears to name them as defendants.[7]

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed for "failure to state a claim upon which relief can be granted . . . ." FED. R. CIV. P. 12(b)(6). Here, Wang fails to state a claim against either defendant that would entitle her to relief and seeks no damages from either defendant; therefore, dismissal of any alleged "claims" against Milkie Ferguson and Broker Dealer Concepts was proper.

Wang also contends that Milkie Ferguson and Broker Dealer Concepts have evidence that she needs to present her claims and that joinder is therefore required under Federal Rule of Civil Procedure 19. Joinder is required under Federal Rule of Civil Procedure 19(a) if "in that person's absence, the court cannot accord complete relief among existing parties," or if disposing of the suit in the person's absence would "as a practical matter impair or impede the person's ability to protect the interest" or "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." FED. R. CIV. P. 19(a). These circumstances are not present in this case. Moreover, Wang could have obtained the evidence she needed from either Milkie Ferguson or Broker Dealer Concepts by seeking non-party discovery from either entity. *See, e.g.*, FED. R. CIV. P. 45. For these reasons, we conclude that the district court properly dismissed Milkie Ferguson and Broker Dealer Concepts from this suit.

AFFIRMED.

---

[7] Even if Wang sought to join these parties as involuntary plaintiffs, compulsory joinder would still not be proper because none of the circumstances set out in Federal Rule of Civil Procedure 19(a) are present.